■ NIRCO INVESTORS CORP., Respondent-Appellant, v NEW YORK CITY LOFT BOARD, Appellant-Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Norman C. Ryp, J.), entered December 20, 1985, which granted the petition pursuant to CPLR article 78 to the extent of remanding to respondent all issues concerning interim multiple dwelling coverage within the definition of the Multiple Dwelling Law and the applicable Zoning Resolutions of the City of New York, is reversed, on the law, the petition denied and the proceeding dismissed, without costs or disbursements.

In an order dated March 6, 1985, respondent New York City Loft Board determined that the premises at 101 West 25th Street (also known as 755 Sixth Avenue) was an interim multiple dwelling subject to the Loft Law (Multiple Dwelling Law § 280 *et seq.*). Petitioner subsequently commenced this proceeding pursuant to CPLR article 78 challenging the administrative ruling on the ground that since some of the units contain less than the mandated minimum square footage, they are not in compliance with certain Zoning Resolutions, and, therefore, the building may not be designated an interim multiple dwelling. The Supreme Court granted the petition in part and remanded the matter to the Loft Board for further proceedings to ascertain whether the building could be brought into conformity with the applicable Zoning Resolutions. However, the Loft Board's policy of not considering the size of the units at the initial coverage determination of its proceedings has been upheld by this court in *Little Arf'n Annie v New York City Loft Bd.* (121 AD2d 852). The issue of whether or not the units in question meet the minimum size or bulk requirements of the Zoning Resolutions was, thus, appropriately deferred by respondent for future consideration. Concur—Sandler, J. P., Sullivan, Ross and Milonas, JJ. *[See,* 129 Misc 2d 942.]